UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,

vs.

FRIT COCOWALK OWNER, LLC

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant FRIT Cocowalk Owner, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant FRIT Cocowalk Owner, LLC is authorized to conduct and is conducting business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant FRIT Cocowalk Owner, LLC ("Defendant") is a Delaware limited liability company authorized to transact business in Florida and is the owner of commercial real property identified as Folio 01-4121-126-0010 located at 3105 Grand Avenue, Miami, Florida 33133. Defendant's real property is built out as a mixed-use community shopping and entertainment center which is commonly referred to as "Cocowalk."

**FACTS**

6. Defendant leases its mixed-use community shopping and entertainment center to retail store establishments including (but not limited to) Blumercury, Coco Cigars, Edite Mode, Edward Beiner, Europann, and Suportive as well as to restaurant/food and drink establishments including (but not limited to) Botanico Gin & Cookhouse, Duck n' Sum, Mister 01 Extraordinary Pizza, Planta Queen, Sushi Garage, and The Key Club. Defendant also leases out a large section of Cocowalk to the Cinepolis Luxury Cinema and a Youfit gym. In addition, Defendant's complex includes office space.

7. All the retail, restaurant, entertainment, and gymnasium/health establishments within Cocowalk are places of public accommodation pursuant to 42 U.S.C.

§§ 12181(7)(B),(C),(E), and (L) and 28 C.F.R. §§ 36.104(2),(3),(5), and (12), therefore Cocowalk (which houses all of these establishments) is a "place of public accommodation" pursuant to 42 U.S.C. §§ 12181(7)(B),(C),(E), and (L) and 28 C.F.R. §§ 36.104(2),(3),(5), and (12).

8.   As the owner and operator of Cocowalk, Defendant is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §§ 12181(7)(B),(C),(E), and (L) and 28 C.F.R. §§ 36.104(2),(3),(5), and (12).

9.   Due to the close proximity to Plaintiff's home to Cocowalk, on July 8, 2022, Plaintiff personally visited Cocowalk to stroll through the shopping and entertainment center, shop in the various stores, and to test for compliance with the ADA/ADAAG.

10.  Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while patronizing Cocowalk. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant (the owner and operator of Cocowalk).

11.  As the owner of commercial property which is built out as a community shopping and entertainment center open to public, Defendant is aware of the ADA and the need to provide for equal access in all areas of its community shopping and entertainment center which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12.  As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize and/or test Defendant's community shopping and entertainment center, but continues to be injured in that he continues to be discriminated against due to the barriers to access within Cocowalk which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the Cocowalk community shopping and entertainment center, with the intention of patronizing the establishments therein and/or test the public accommodation for compliance with the

4

ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at Cocowalk in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Cocowalk.

21. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. Defendant's Cocowalk community shopping and entertainment center is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and

Defendant is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Sections 404.2.7 and 309.4 which states that operable parts of door hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground.

ii. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is missing. This is a violation of Section 604.5 of the 2010 Standards for Accessible Design which states that grab bars shall be provided (installed) on the side wall closest of the water closet This is also a violation of Section 4.16.4 of the ADAAG which states that grab bars for water closet stalls must be installed on the side wall and be 36 inches long minimum, installed with one end space a maximum of 6 inches from the side wall and shall comply with Figure 29.

iii. Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is missing. This is a violation of Section 609.4 and 604.5 of the 2010 ADA Standards for Accessible Design. Section 604.5 states that grab bars shall be provided (installed) on the rear wall of the water closet. This is also a violation of Section

    4.16.4 of the ADAAG which states that a grab bar must be installed behind the water closet and shall be 36 in (915 mm) minimum in length and further comply with the specification set at Figure 29.

iv. Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is mounted outside the required distance in front of the toilet in violation of Section 604.9.6 of the 2010 Standards for Accessible Design. Section 604.9.6 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Furthermore, the outlet of the dispenser shall be 14 inches (355 mm) minimum and 19 inches (485 mm) maximum above the finished floor.

v. Plaintiff was exposed to a cutting/burning hazard as the lavatory sink outside the stall does not have wrapped bottom sink pipes. As insulation is non-existent, there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not wrapped.

vi. Plaintiff could not use the lavatory mirror mounted outside the stall as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40

7

inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

24. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant has been required to make its Cocowalk community shopping and entertainment center accessible to persons with disabilities since January 28, 1992 and Defendant has failed to comply with this mandate.

25. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its Cocowalk community shopping and entertainment center such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant FRIT Cocowalk Owner, LLC and requests the following injunctive and declaratory relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its Cocowalk community shopping and entertainment center such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e)    The Court award any and all other relief that may be necessary and appropriate.

Dated this 3rd day of August, 2022.

                                                    Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*